IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINA KOMAN**, on behalf of herself and all others similarly situated, | : CIVIL DIVISION |
| | : |
| | : ELECTRONICALLY FILED |
| *Plaintiff*, | : |
| | : Case No.: 2:22-cv-420 |
| v. | : |
| | : CLASS ACTION COMPLAINT |
| | : |
| **ARIAS-DLABIK AGENCY LLC d/b/a AMERICAN INCOME LIFE: SIMON ARIAS AGENCIES d/b/a ARIAS AGENCIES, AMERICAN INCOME LIFE INSURANCE COMPANY, And BRODY EVANSON**, *jointly and severally*, | : |
| | : |
| | : |
| *Defendants.* | |

Filed on Behalf of Plaintiff:
Christina Koman

Counsel of Record for This Party:

**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA  15206

Telephone:   (412) 545-3015
Fax No.:     (412) 540-3399
E-mail:      jward@jpward.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINA KOMAN, on behalf of herself and all others similarly situated,** | CIVIL DIVISION |
| *Plaintiff,* | ELECTRONICALLY FILED |
| **v.** | Case No.: 2:22-cv-420 |
| | CLASS ACTION COMPLAINT |
| **ARIAS-DLABIK AGENCY LLC d/b/a AMERICAN INCOME LIFE: SIMON ARIAS AGENCIES d/b/a ARIAS AGENCIES, AMERICAN INCOME LIFE INSURANCE COMPANY, And BRODY EVANSON,** *jointly and severally,* | |

### CLASS ACTION COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff, Christina Koman, on behalf of herself and all others similarly situated, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Joshua P. Ward, Esquire, who files the within Class Action Complaint in Civil Action against Defendants, Arias-Dlabik Agency LLC d/b/a American Income Life: Simon Arias Agencies, American Income Life Insurance Company d/b/a Arias Agencies, and Brody Evanson, of which the following is a statement:

### PARTIES

1. Plaintiff, Christina Koman (hereinafter "Ms. Koman"), is an adult individual who currently resides at 118 Radcliff Drive, Pittsburgh, PA 15237.

1

2. Defendant, Arias-Dlabik Agency LLC d/b/a American Income Life: Simon Arias Agencies D/B/A Arias Agencies, (hereinafter "Simon Arias Agencies"), is a corporation with its principal place of business located at 150 Lake Drive, Suite 105, Wexford Pennsylvania 15090.

3. Defendant, American Income Life Insurance Company, (hereinafter, "American Income Life"), is a corporation with its headquarters located at 175 Water Street, 15th Floor, New York, New York 10038 and a principal place of business located at 150 Lake Drive, Suite 105, Wexford Pennsylvania 15090.

4. Defendant, Brody Evanson, (hereinafter, "Mr. Evanson"), is a managing individual of Simon Arias Agencies within the definitional purview of the FLSA.

## JURISDICTION AND VENUE

5. Jurisdiction is proper as Ms. Koman bring this lawsuit under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (hereinafter "the FLSA") and the Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann. §333.101, *et seq.* (hereinafter "the PMWA").

6. Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendants regularly conduct business in Allegheny County, Pennsylvania, and because Defendants are subject to general jurisdiction of Allegheny County, Pennsylvania.

## ALLEGATIONS OF FACT

A. **Failure to Pay Minimum Wage**

7. On or about August 21, 2021, Ms. Koman initiated employment with Defendants at Simon Arias Agencies as a trainee until August 25, 2021.

8. Upon her hiring, Ms. Koman was informed by Manager, Mr. Evanson, that her trainee position's compensation plan was commission-only and did not include minimum wage payments or overtime.

9. Throughout her training, Ms. Koman did not earn any commission and received no compensation whatsoever.

10. Plaintiff worked approximately eight hours per day during training but did not receive compensation for any hours worked.

11. Defendants engage in the operation of insurance sales in at least twenty-four offices in fourteen states. Thus, Defendants are engaged in interstate commerce.

12. Upon information and belief, Defendants failed to compensate all similarly situated trainees at a rate of at least minimum wage, as trainees were not provided with a base-pay rate nor provided the opportunity to receive commission.

## CLASS ALLEGATIONS

13. Plaintiff brings these claims on behalf of the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

> The Class consists of all individual employees of Defendants, throughout the United States, whom Defendants failed to compensate at a rate of at least minimum wage and overtime rates.

14. Defendants engage in the operation of insurance sales in at least twenty four offices in fourteen states.

15. Excluded from the classes are Defendants, Simon Arias Agencies, Arias Agencies, and Mr. Evanson, as well as their past and present officers, employees, agents or affiliates, any judge who presides over this action, and any attorneys who enter their appearance in this action.

16. Plaintiff reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based on, among other things, changing circumstances and new facts obtained during discovery.

17. Questions of law and fact common to the Plaintiff class, predominate over any issues involving only individual class members. The primary issues concern: Defendants' failure to compensate employees in training at a rate of at least minimum wage in violation 29 U.S.C. §201, *et seq.* of the FLSA and 43 Pa. Stat. Ann. §333.101, *et seq.* of the PMWA.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 1702 of Pennsylvania Civil Procedure because of a well-defined public interest in this litigation:

19. **Numerosity – Pennsylvania Rule of Civil Procedure 1702(1).** Upon information and belief, the members of Class are so numerous that individual joinder of all class members is impracticable because there are hundreds and/or thousands of persons who Defendants failed to compensate at a minimum wage rate throughout the training period.

20. The identities of all class members are readily ascertainable from the employee records of Defendants.

21. **Commonality – Pennsylvania Rule of Civil Procedure 1702(2).** This action involves questions of law and fact that are common to the class members. Such common questions include, but are not limited to:

   a. Whether Defendants failed to compensate employees at a minimum wage rates and overtime rates throughout the training in violation of 29 U.S.C. §206 - 207 of the FLSA and 43 Pa. Stat. Ann. §333.101 of the PMWA.

   b. Whether Plaintiff and the Class are entitled to relief in the forms of back pay, liquidated damages, costs, attorney fees, declaratory and injunctive relief.

22. **Typicality – Pennsylvania Rule of Civil Procedure 1702(3).** The Plaintiff's claims are typical of the other class members' claims because, among other things, all class

members were comparably injured. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

23. **Adequacy of Representation – Pennsylvania Rule of Civil Procedure 1702(4) and 1709.** Plaintiff is an adequate representative of the Class because their interests do not conflict with the interests of the other class members Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; Plaintiff intends to prosecute this action vigorously; and Plaintiff's counsel has adequate financial means to vigorously pursue this action and ensure the interests of the classes will not be harmed. Furthermore, the interests of the class members will be fairly and adequately protected and represented by Plaintiff and Plaintiff's counsel.

24. **Predominance – Pennsylvania Rule of Civil Procedure 1708(a)(1).** Common questions of law and fact predominate over any questions affecting only individual class members. Defendants' liability and the fact of damages is common to Plaintiff and each member of the Class.

25. **Manageability – Pennsylvania Rule of Civil Procedure 1708(a)(1).** While the precise size of the class is unknown without the disclosure of Defendants' records, the claims of Plaintiff and the class members are substantially identical as explained above. Certifying the case as a class action will centralize these substantially identical claims in a single proceeding and adjudicating these substantially identical claims at one time is the most manageable litigation method available to Plaintiff and the Class.

26. **Risk of Inconsistent, Varying, or Prejudicial Adjudications – Pennsylvania Rule of Civil Procedure 1708(a)(3).** If the claims of Plaintiff and the members of the Class were tried separately, Defendants may be confronted with incompatible standards of conduct and divergent court decisions. Furthermore, if the claims of Plaintiff and the members of the Class

were tried individually, adjudications with respect to individual class members and the propriety of their claims could be dispositive on the interests of other members of the class not party to those individual adjudications and substantially, if not fully, impair or impede their ability to protect their interests. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.

27. **Litigation Already Commenced – Pennsylvania Rule of Civil Procedure 1708(a)(4).** To Plaintiff's knowledge, there are no other cases that have been brought against Defendants, or that are currently pending against Defendants, where a Pennsylvania consumer seeks to represent a class of Pennsylvania residents based on the conduct alleged in this Class Action Complaint.

28. **The Appropriateness of the Forum - Pennsylvania Rule of Civil Procedure 1708(a)(5).** This is the most appropriate forum to concentrate the litigation because Defendant is subject to general jurisdiction in this County and a substantial number of class members were injured in this County.

29. **The Class Members' Claims Support Certification - Pennsylvania Rule of Civil Procedure 1708(a)(6) and (7).** Given the amount recoverable by each Class member, the expenses of individual litigation are insufficient to support or justify individual suits. Furthermore, the damages that may be recovered by the Class will not be so small such that class certification is unjustified. Class treatment will permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer the loss of statutory protected rights as well as monetary damages.

30.     **The General Applicability of Defendants' Conduct - Pennsylvania Rule of Civil Procedure 1708(b)(2)**. Defendants' uniform conduct is generally applicable to the Class as a whole, making equitable and declaratory relief appropriate with respect to each class member.

**COUNT I**
**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF**
**THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 206,** *et seq.*

31.     Ms. Koman incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

32.     Under the FLSA, employers are required "to pay their employees at least a specified minimum hourly wage for work performed, 29 U.S.C. § 206, and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week, 29 U.S.C. § 207." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003).

33.     Defendants engage in the operation of insurance sales in at least twenty four offices in fourteen states.

34.     Ms. Koman is an "employee" as defined by 29 U.S.C. §203(e)(1) of the FLSA.

35.     Defendants are an "employer" as defined by 29 U.S.C. §203(d) of the FLSA.

36.     Defendants failed to compensate Ms. Koman at a minimum wage rate throughout her training period in violation of 29 U.S.C. §206(a)(1).

37.     Rather, Ms. Koman was informed she was on a commission-only compensation plan and would not receive any form of payment until her training period had ended and she was able to perform sales calls and make commission.

38.     Pursuant to the FLSA, once a plaintiff establishes a right to payment "of their… unpaid minimum wages," liquidated damages in an "additional equal amount" is warranted. 29 U.S.C. § 216(b).

7

39. Furthermore, the FLSA's liquidated damages provisions "is not penal in nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Andrews v. Cross Atlantic Capital Partners, Inc.*, 158 A.3d 123, 134 (Pa. Super. 2017) (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

40. As a direct and proximate cause of the aforementioned conduct, Ms. Koman and similarly situated Class Members suffered actual damages, including, but not limited to, wage loss, loss of income, and emotional distress damages, all in the past, present and future.

## COUNT II
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF
## THE PENNSYLVANIA MINIMUM WAGE ACT

41. Ms. Koman incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

42. The PMWA states that "[e]very employer shall pay to each of his or her employees' wages for all hours worked at a rate of not less than . . . [s]even dollars fifteen cents ($7.15) an hour beginning July 1, 2007." 43 Pa. Stat. § 333.104(a) (8); see *Ford-Greene v. NHS, Inc.*, 106 F. Supp. 3d 590, 612–13 (E.D.Pa. 2015).

43. Because the PMWA "substantially parallels" the FLSA, this Court should look to the federal courts' interpretation of the FLSA when analyzing claims under the PMWA. *Philadelphia Metal Trades Council v. Konnerud Consulting W., A.S.*, No. CV 15-5621, 2016 WL 1086709, at *5 (E.D. Pa. Mar. 21, 2016) (citing *Ford-Greene*, 106 F. Supp. 3d at 610–13 (applying the Third Circuit's analysis in Davis to the plaintiff's claims under both the FLSA and PMWA).

8

44. Thus, "plaintiff-employees asserting PMWA violations must substantiate their claims by demonstrating that they performed work for which they were not paid . . . and that the defendant-employer had actual or constructive knowledge of the plaintiff's overtime work." *Alers v. City of Philadelphia*, 919 F. Supp. 2d at 560.

45. Mr. Koman has yet to be fully and properly compensated for all hours worked throughout her employment, as she received no form of payment or base pay rate throughout her training period due to her commission-only compensation plan.

46. As a direct and proximate cause of the aforementioned conduct, Ms. Koman and similarly situated Class Members suffered actual damages, including, but not limited to, wage loss, loss of income, and emotional distress damages, all in the past, present and future.

47. As set forth hereinabove, Defendants' actions were intentional, knowing, wanton, willful, and so outrageous as to shock the conscience.

## COUNT III
## Pa. WPCL VIOLATIONS
## 43 P.S. §260.1 *et seq*

48. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

49. Under the WPCL, the definition of employer "includes every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 P.S. §260.2a.

50. The Pennsylvania WPCL, 43 P.S. §260.1 et seq., however, does not provide "a statutory definition of the term 'employee'." *Frank Burns, Inc. v. Interdigital Communs. Corp*, 704 A.2d 678, 680-81 (Pa Super. 1997).

51. Courts in Pennsylvania have held that "any person in Pennsylvania can qualify as an employee under the WPCL," because "grammatically, an 'employee' is an entity that is employed," and "in the definition of employer, the entity employed by the employer, i.e., the employee, is any person in Pennsylvania." *Frank Burns v. Interdigital Communs. Corp.*, at 681.

52. Pennsylvania courts have thus narrowed the definition of employee accordingly: "those who work in Pennsylvania can sue under the Pennsylvania statute, but those who do not work in Pennsylvania cannot." Id. *Citing Killian v. McCulloch*, 873 F. Supp. 938, 942 (E.D. Pa. 1995).

53. As a company conducting business and employing person(s) in the Commonwealth of Pennsylvania, Defendants are "an employer" within the definition of the WPCL 43 Pa. C.S. §260.1a.

54. Plaintiff and the Class Members, based on the law cited above, were employees of Defendants working within the Commonwealth of Pennsylvania.

55. Upon her hiring, Ms. Koman was informed by Manager, Mr. Evanson, that her trainee position's compensation plan was commission-only.

56. Throughout her training, Ms. Koman was unable to perform sales duties, and therefore, was not provided to opportunity to make commission.

57. As of the date of the filing of this Complaint, Plaintiff and the Class Members have yet to be compensated for all hours worked during training.

58. As a direct and proximate result of the aforementioned conduct, Plaintiff and the Class Members suffered actual damages, including, but not limited to, lost wages and emotional distress in the past, present and future.

## COUNT IV
## BREACH OF CONTRACT
### *(Pled in the Alternative)*

59. Ms. Koman incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

60. Ms. Koman was entitled, as part of Defendants' employment contract, to paid straight-time wages at a rate of at least minimum wage for all hours worked.

61. Defendants were bound by the duty of good faith and fair dealing. As such, Defendants had a duty to compensate Ms. Koman at a minimum wage rate for all hours worked throughout her employment upon her constructive discharge.

62. Defendants failed to ensure accuracy of Ms. Koman's wage payment information thus depriving her of her earned benefit.

63. All conditions precedent to recovery have occurred.

64. As a direct and proximate cause of the aforementioned conduct, Ms. Koman and similarly situated Class Members suffered actual damages, including, but not limited to, wage loss, loss of income, and emotional distress damages, all in the past, present and future.

## COUNT V
## QUASI-CONTRACT / UNJUST ENRICHMENT
### *(Pled in the Alternative)*

65. Ms. Koman incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

66. Ms. Koman had an expectation of payment from Defendants.

67. Ms. Koman conferred a benefit upon Defendants.

68. Defendants appreciated the benefit of Ms. Koman's time and efforts.

69. It would be manifestly unjust if the Defendants' acceptance and retention of such benefits were permitted without payment of value to Ms. Koman.

70. As a direct and proximate cause of the aforementioned conduct, Ms. Koman and similarly situated Class Members suffered actual damages, including, but not limited to, wage loss, loss of income, and emotional distress damages, all in the past, present and future.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, Ms. Koman, on their own behalf and on behalf of the Class Members respectfully requests this Honorable Court enter judgment in Plaintiff's favor and against Defendants as follows:

A. Declaring this action a proper class action, certifying the classes as requested herein, designating Plaintiff as Class Representatives and appointing the undersigned counsel as Class Counsel;

B. Ordering Defendants to pay actual, consequential, statutory, and/or punitive damages to Plaintiff and the class members, including restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiffs and the class members as a result of Defendant's unlawful conduct;

C. Ordering declaratory and injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the unlawful conduct as set forth herein;

D. Ordering injunctive relief as permitted by law or equity, including ordering Defendants to cure the ongoing and currently endless failure to pay minimum wage and overtime to employees;

E. Ordering Defendants to pay attorney's fees and litigation costs to Plaintiff and the other members of the class;

F. Ordering Defendants to pay both pre- and post-judgment interest on any amounts awarded; and

G. Ordering such other and further relief as may be just and proper

## JURY DEMAND

Plaintiff respectfully demands a jury on all matters so triable.

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: March 3, 2022         By: _____
                            Joshua P. Ward (Pa. I.D. No. 320347)

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff